Caminiti v Extell W. 57th St. LLC (2024 NY Slip Op 05825)

Caminiti v Extell W. 57th St. LLC

2024 NY Slip Op 05825

Decided on November 21, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: November 21, 2024

Before: Kern, J.P., Kapnick, Kennedy, Higgitt, O'Neill Levy, JJ. 

Index No. 150298/13 Appeal No. 3042 Case No. 2023-03788 

[*1]Maria Caminiti, etc., et., Plaintiffs-Appellants,
v
Extell West 57th Street LLC., et al., Defendants-Respondents.

Sullivan Papain Block McManus Coffinas & Cannavo P.C., New York (Christopher J. DelliCarpini of counsel), for appellant.
Haworth Barber & Gerstman, LLC, New York (Scott L. Haworth of counsel), for respondents.

Order, Supreme Court, New York County (Alexander M. Tisch, J.), entered July 17, 2023, which, to the extent appealed from as limited by the briefs, denied plaintiff's motion pursuant to CPLR 4404(a) to set aside the verdict and to order a new trial, unanimously affirmed, without costs.
The jury verdict finding that the violation of Labor Law § 240(1) did not proximately cause decedent's aortic dissection was not against the weight of the evidence (see generally Cohen v Hallmark Cards, 45 NY2d 493, 498-499 [1978]). There is no basis to disturb the jury's crediting of defendants' expert testimony over plaintiff's expert's conflicting testimony.
Decedent's primary care physician was properly impeached by his prior conviction on federal charges involving dishonesty and underlying facts (see CPLR 4513; Frank v McCutcheon, 29 AD3d 470, 470 [1st Dept 2006]). Although the court should not have allowed extrinsic evidence of the physician's divorce proceeding and administrative appeal, we conclude that such error was not unduly prejudicial and does not warrant a new trial (see Haiyan Lu v Spinelli, 44 AD3d 546, 547 [1st Dept 2007], lv denied 10 NY3d 716 [2008]; cf. Badr v Hogan, 75 NY2d 629, 634-637 [1990]).
The court providently denied plaintiff's request for a missing witness charge with respect to defendants' second expert witness, because the testimony that the expert was expected to give was already in the record through the testimony of defendants' other expert and would have been cumulative (see Medina v Samroeng Chownwai, 211 AD2d 526, 526-527 [1st Dept 1995]). Although plaintiff pleaded an increased susceptibility to injury, she did not present any evidence at trial to warrant such a charge to the jury (see Rivera v Kolsky, 164 AD3d 626, 628 [2d Dept 2018]; see generally PJI 2:283).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 21, 2024